UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**STEVEN C. MANNION**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2064
NEWARK, NJ 07101
973-645-3827

June 7, 2016

**LETTER ORDER/OPINION**

Re:   D.E. 7, Application for Appointment of Pro Bono Counsel

**Rodriguez v. Essex County Correctional Facility Administration**
**Civil Action No. 16-cv-1991 (SDW)(SCM)**

Dear Litigants:

This matter comes before the Court upon review of Plaintiff, Manuel Rodriguez's ("Mr. Rodriguez") Application for Appointment of *Pro Bono* Counsel.[1] The Court has reviewed Mr. Rodriguez's Application and for the reasons set forth herein, the Application is **denied**.

District courts are granted broad discretion to appoint attorneys to represent indigent civil litigants, 28 U.S.C. § 1915 (d), (e)(1), but "civil litigants possess neither a constitutional nor a statutory right to appointed counsel."[2] Moreover, though Congress has empowered district courts to "request" counsel for civil litigants, courts cannot "require" an unwilling attorney to serve as counsel.[3]

This Court must therefore "take note of the significant practical restraints on the district courts' ability to appoint counsel: . . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation."[4]

When evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law."[5] The Third Circuit has articulated an analytical framework that district courts must use in exercising their discretion.[6] The

---

[1] (ECF Docket Entry No. ("D.E.") 7).

[2] *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-67 (3d Cir. 1997)).

[3] *Id.* (citing 28 U.S.C. § 1915 (e)(1)); *see also Christy v. Robinson*, 216 F. Supp. 2d 398, 406 n. 16 (D.N.J. 2002) (citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 301-02 (1989)).

[4] *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

[5] *Id.* at 155.

[6] *See Montgomery*, 294 F.3d at 492; *Parham*, 126 F.3d 454; *Tabron*, 6 F.3d at 147.

analysis begins with a threshold assessment of the merits of the case.[7]

If the court first finds "some arguable merit in fact and law," then it must go on to weigh a series of considerations known as the *Tabron* post-threshold factors.[8] These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his or her own behalf.[9]

For the purpose of evaluating these threshold factors, the Court assumes "solely for the purpose of this [request]" that Mr. Rodriguez's case has "some arguable merit in fact and law."[10] The Court need not undertake a detailed analysis of this point, however, because application of the *Tabron* post-threshold factors overall weighs against appointment of *pro bono* counsel at this time.

1. Mr. Rodriguez's Ability To Present His Case

The first factor has been identified as "perhaps the most significant."[11] For this factor the Court considers Mr. Rodriguez's "education, literacy, prior work experience, and prior litigation experience."[12] As additional guidance, the Third Circuit has noted that courts should consider the plaintiff's ability to present his case "[i]n conjunction with . . . the difficulty of the particular legal issues."[13]

Mr. Rodriguez states that he requests the appointment of *pro bono* counsel due to limitations in his time and ability to perform research, and his limited legal understanding of the present lawsuit.[14] Mr. Rodriguez's lack of formal legal training, without more, is insufficient to warrant the appointment of counsel.[15] For example, without the aid of counsel, Mr. Rodriguez filed a complaint against multiple defendants citing statues and setting forth his legal claims.[16]

Currently, it does not appear that Mr. Rodriguez's ability to pursue his claims and present his case are significantly impeded by his professed limitations. For the foregoing reasons, the first *Tabron* factor weighs against appointment.

---

[7] *Montgomery*, 294 F.3d at 498-99 (internal citations omitted).

[8] *Id.* at 499.

[9] *Tabron*, 6 F.3d at 156; *see also Parham*, 126 F.3d at 461.

[10] *Montgomery*, 294 F.3d at 499.

[11] *Id.* at 501.

[12] *Id.* (internal quotation marks omitted) (citing *Tabron*, 6 F.3d at 156).

[13] *Tabron*, 6 F.3d at 156; *see also Montgomery*, 294 F.3d at 502.

[14] (D.E. 7).

[15] *See, e.g., Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010).

[16] (D.E. 1).

2. The Complexity of The Case

The second *Tabron* factor concerns the complexity of the particular legal issues. The Court determined that Mr. Rodriguez pled a constitutional violation against Essex County Correctional Facility employees based on the assertion that the facility's lock down policy resulted in unfair conditions of confinement.[17] The legal issues implicated by Mr. Rodriguez's Complaint relate to alleged civil rights violations.[18] At the present time, the Court does not find that the legal issues in this action are particularly difficult or complex, and they do not present any novel issues of law. Therefore, the second *Tabron* factor also weighs against appointment.

3. The Degree to Which Factual Investigation Will be Necessary

The third *Tabron* factor is the degree to which factual investigation will be necessary and the ability of Mr. Rodriguez to pursue an investigation. Under this factor, courts "consider the extent to which prisoners and others suffering confinement may have trouble pursuing their claims."[19] However, at this early stage of the litigation, the degree of factual investigation necessary is unclear. Mr. Rodriguez has been intimately involved with the events surrounding and leading up to the filing of the complaint, and would presumably be capable of undertaking the necessary factual investigation. Moreover, nothing in the record indicates that Mr. Rodriguez's *pro se* status would inhibit him from conducting discovery. Therefore, the third *Tabron* factor weighs against appointment.

4. The Extent to Which the Case is Likely to Turn on Credibility Determinations

The fourth *Tabron* factor is the extent to which the case is likely to turn on credibility determinations. This matter may hinge on the credibility of Mr. Rodriguez, or the remaining defendants Mr. Greene and Mr. Ortiz, and whom a jury would believe. However, because the factors overall weigh against appointment, it is unnecessary to further evaluate the potential credibility issues.

5. Whether the Case Will Require Testimony from Expert Witnesses

The fifth *Tabron* factor inquires whether the case will require testimony from expert witnesses. At this juncture, it is unclear whether expert testimony will be required. This is a civil rights case concerning a prison policy's allegedly improper conditions of confinement.[20] Given the nature of Plaintiff's allegations, it appears unlikely that Plaintiff's claims would require expert testimony. Rather, the case appears to depend more on the facts deduced rather than on any expert testimony. Therefore, the fifth *Tabron* factor does not support appointment.

6. Mr. Rodriguez's Capacity to Retain Counsel on His Own Behalf

Finally, the sixth *Tabron* factor is the Mr. Rodriguez's capacity to retain counsel on his own behalf. The court granted Mr. Rodriguez's application to proceed *in forma pauperis*, and acknowledges

---

[17] (D.E. 3).

[18] (*See generally, id.*).

[19] *Tabron*, 6 F.3d at 156.

[20] (D.E. 3).

his limited financial means.[21] Therefore, the sixth *Tabron* factor weighs slightly in his favor. However, these facts alone are not enough to justify an order of appointment. Indigency, absent satisfaction of other *Tabron* post-threshold factors, does not warrant the appointment of counsel.[22]

The Court is, as always, sympathetic to any disadvantages of the parties that come before it. Accordingly, the Court will closely monitor the considerations raised by Mr. Rodriguez's request throughout case management and, as the case moves forward, it may exercise its discretion to appoint counsel *sua sponte* should any of the above discussed considerations change.[23]

As the *Tabron* factors weigh against appointment at this time, the Court will deny Mr. Rodriguez's application.

**SO ORDERED.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/8/2016 9:04:19 AM

c (via ECF):
All Counsel

c (via U.S. Mail R.R.R.):

Manuel Rodriguez, SBI #864371-B
Essex County Correctional Facility
345 Doremus Avenue
Newark, New Jersey 07105

---

[21] (D.E. 2).

[22] *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002).

[23] *See Tabron*, 6 F.3d at 156; *Christy*, 216 F. Supp. 2d at 406.