# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

November 2, 2016

### LETTER ORDER/OPINION

Re:   D.E. 16, Motion to Compel
      Rodriguez v. Ortiz, et al.
      Civil Action No. 16cv1991 (SDW)(SCM)

Dear Litigants:

This matter comes before the Court by way of *pro se* Plaintiff Manuel Rodriguez' motion to compel answer to interrogatories and for discovery.[1]  Mr. Rodriguez failed to request leave to file this motion and therefore his motion is denied without prejudice.  Defendants have an extension to provide discovery responses by November 28, 2016.

### DISCUSSION

I.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[2]  This District specifies that magistrate judges may determine any non-dispositive pre-trial

---

[1] (ECF Docket Entry ("D.E.") 16).

[2] 28 U.S.C. § 636(b)(1)(A).

motion,[3] and provides that discovery disputes shall be brought to the magistrate judge on an informal basis.[4] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[5]

## II.   ANALYSIS

### a. No Permission to File Motion

A pretrial order "controls the course of the action unless the court modifies it."[6] The Court maintains control over the schedule to expedite disposition of the action and to discourage wasteful pretrial activities.[7] The Initial Scheduling Order here provides as follows: "No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court."[8] It further provides that:

> Should informal efforts fail within 10 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a dispute letter filed on ECF not to exceed 3 pages that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient.

---

[3] L. Civ. R. 72.1(a)(1).

[4] L. Civ. R. 37.1.

[5] 28 U.S.C. § 636(b)(1)(A).

[6] Fed. R. Civ. P. 16(d).

[7] Fed. R. Civ. P. 16(a).

[8] (D.E. 14 at ¶ 5).

Mr. Rodriguez filed the present motion without permission from the Court and did not bring this discovery dispute to the Court's attention via an informal letter as directed. For these reasons, his request will be denied without prejudice.

b. Timeliness of Discovery Responses

Even if Mr. Rodriguez had obtained leave to file this motion, it is not clear when the discovery responses were due. Responses to interrogatories and/or requests for documents are due within "30 days of being served" unless a "shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[9] The clock on such requests, however, does not start until entry of the initial scheduling order.[10]

Here, the parties dispute the date on which Mr. Rodriguez' discovery requests were served. The requests are dated July 5, 2016 and Mr. Rodriguez alleges that he "propounded" them on that date.[11] Conversely, Mr. Rodriguez also asserts that he "served" the discovery requests on defense counsel by mailing them on July 2, 2016.[12] Defense counsel contends, however, that the discovery requests were not received until service of this motion.[13]

---

[9] Fed. R. Civ. P. 33(a)(2); 34(b)(2).

[10] *See* generally Fed. R. Civ. P. 16; 26(d); 26(d)(2)(early Rule 34 requests are not considered served until the initial scheduling conference); and 26(f).

[11] (D.E. 16).

[12] (Rodriguez Affidavit of Service, D.E. 16 at ¶ 4).

[13] (Ruddy Certification at ¶ 3, D.E. 17).

If Mr. Rodriguez' account is correct, discovery responses were due on September 16, 2016, i.e., thirty days after the Initial Scheduling Order was on August 16, 2016.[14]  If Defendants' account is correct, responses were due October 28, 2016, i.e., thirty days after the motion was filed and the requests were received.  Nevertheless, considering that Mr. Rodriguez' motion is being denied on other grounds, the Court need not resolve this issue.

An appropriate Order follows:

### ORDER

**IT IS** on this Wednesday, November 02, 2016,

1. **ORDERED**, that the Plaintiff Manuel Rodriguez' motion to compel is denied without prejudice; and it is further

2. **ORDERED**, that Defendants shall serve their discovery responses by November 28, 2016; and it is further

3. **ORDERED**, that the Clerk of the Court shall serve a copy of this Order upon Plaintiff Manuel Rodriguez.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/2/2016 12:21:23 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

---

[14] (D.E. 14).