UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> ESSEX COUNTY CORRECTIONAL FACILITY ADMINISTRATION, <br><br> Defendants. | Civil Action No. 16-1991 (SDW) <br><br><br> OPINION |

**WIGENTON**, District Judge:

Presently before the Court is Defendants' motion for summary judgment. (ECF Nos. 28-30). Although provided a significant period of time within which to do so, Plaintiff did not file a response to the motion. (ECF Docket Sheet). For the following reasons, this Court will grant the motion and dismiss the complaint as Plaintiff has failed to exhaust his administrative remedies.

**I. BACKGROUND**

At the time Plaintiff, Manuel Rodriguez, filed his complaint, he was a pre-trial detainee in the Essex County Correctional Facility.[1] (ECF No. 1). Plaintiff filed his complaint seeking damages and injunctive relief in relation to a policy of the Correctional Facility, which he alleged resulted in frequent lockdowns and had on at least one occasion resulted in his unit being locked into their cells for all but ten minutes a day for a period of more than thirty days. (*Id.*). He therefore alleged that this policy resulted in a condition of confinement which violated his Fourteenth

---

[1] According to the New Jersey Department of Corrections inmate locator system, Plaintiff was convicted and ultimately sentenced on March 9, 2018, and has now been moved from the Essex County Correctional Facility to East Jersey State Prison. *See* Department of Corrections Offender Details for Manuel Rodriguez SBI # 864371B, *https://www20.state.nj.us/DOC_Inmate/details?x=1043920&n=0* (last accessed April 26, 2018).

1

Amendment rights. (*Id.*). Plaintiff's complaint does not detail any steps Plaintiff took in order to exhaust his administrative remedies regarding this prison policy before filing his complaint. (*Id.*). Plaintiff's complaint does include, however, excerpts from the jail's inmate handbook and disciplinary rule book, including the excerpt stating that inmates "have the right to a formal written grievance process" in the jail for addressing their claims. (*Id.* at 14).

On November 22, 2017, Defendants in this matter filed a motion for summary judgment in which they argue, *inter alia* that Plaintiff failed to exhaust administrative remedies before filing his complaint in this matter. (ECF Nos. 28-30). Defendants attached to their motion a certification from Robert MacFarlane, the Chief Informational Officer of the Essex County Department of Corrections. (Document 2 attached to ECF No. 28). Mr. MacFarlane certifies that "all inmates" of the Essex County Correctional Facility are provided with a copy of "a handbook concerning their rights including how to file a grievance" in the jail's formal grievance system at the time they enter the jail. (*Id.*). Mr. MacFarlane further certifies that he "researched [the jail's] files and [discovered that Plaintiff] has not issued a grievance during his stay at the Essex County [Correctional Facility]." (*Id.*) Based on this certification, Defendants state in their statement of undisputed material facts that Plaintiff never filed a grievance or other administrative remedy relating to his current claims. (Document 1 attached to ECF No. 28 at 7).

## II. DISCUSSION

### A. Legal Standard

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions

2

on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *Id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine issue for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank New Jersey*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine issue as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

Where a motion for summary judgment is unopposed, the moving party's statement of material facts "shall be deemed undisputed for the purposes of summary judgment" and will be assumed to have been admitted by the non-moving party. *See* L. Civ. R. 56.1; *Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146, at *3 (D.N.J. Feb. 14, 2017). "Accordingly, where a properly

3

filed and supported summary judgment motion is unopposed, it would be an exceptional case where the court concludes that summary judgment should nonetheless be denied or withheld, although the Court has discretion to do so if unsatisfied that the law and facts point to judgment as a matter of law." *Ruth*, 2017 WL 592146 at *3.

**B. Analysis**

In their motion, Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e. Pursuant to this statute, before a prisoner confined in a jail or prison may file a civil rights suit challenging "prison conditions," he is required to exhaust all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). A prisoner is required to engage in this exhaustion process "even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). This requirement applies to all "prisoners," which includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 42 U.S.C. § 1997e(h). Because the exhaustion requirement is mandatory, the courts may not excuse a prisoner's failure to exhaust before filing his civil rights complaint. *Ross v. Blake*, --- U.S. ---, 136 S. Ct. 1850, 1856-58 (2016). The only exception to this exhaustion requirement applies where no administrative remedy is actually available, either because the prison does not have an exhaustion remedy, the remedy is incapable of being used, or the prison has created a situation in which "all but the most skillful" prisoners cannot adequately exhaust their claims. *Id.* at 1859-60.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. A prisoner therefore properly exhausts his administrative remedies where he seeks out all available administrative remedies and at least substantially complies with the rules and regulations set out by the jail for presenting grievances. *Id.* at 90-103; *Small v. Camden County*, 728 F.3d 265, 272 (3d Cir. 2013) (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures"). In determining whether a prisoner has successfully exhausted, the courts look to the grievance regime of the plaintiff's prison facility to determine what steps are required to fully exhaust, and compliance with those procedures is all that is required to properly exhaust a claim. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is a threshold issue affecting a plaintiff's entitlement to relief, it is for the Court, and not a jury, to determine whether a given plaintiff has properly exhausted his claims. *Small*, 728 F.3d at 269-71. Failure to exhaust is an "affirmative defense the defendant must plead and prove." *Id.* at 268-69.

Because Plaintiff was a prisoner of the jail at the time of his complaint, and because his complaint clearly concerns the "conditions of confinement" at the jail, his complaint is subject to § 1997e's exhaustion requirement. Plaintiff could therefore only proceed before this Court if he exhausted his claims through the jail's grievance system, or could show that there was no available grievance system. *Ross*, 136 S. Ct. at 1856-60. Plaintiff's complaint is silent as to any exhaustive steps he may have taken. His complaint does, however, confirm that he received the jail's inmate handbook, and that this handbook informed him of the existence and mechanisms of the prison's inmate grievance system. (ECF No. 1 at 14). The certification of Mr. MacFarlane, which Plaintiff has not disputed, in turn informs the Court that Plaintiff never made use of this grievance system,

5

despite its availability to him. Likewise, the unopposed, undisputed statement of material facts submitted with Defendants' motion for summary judgment affirms that "Plaintiff has not filed a grievance for the complaints noted in his complaint [n]or exhausted administrative remedies." (Document 1 attached to ECF No. 28 at 7). As this statement is assumed to be admitted for the purposes of Defendant's motion because Plaintiff chose not to respond to the motion for summary judgment, *see* Local Civil Rule 56.1, and as Plaintiff has failed to dispute Mr. MacFarlane's certification, the facts before the Court establish that there was a prison grievance system available at the jail prior to the filing of this complaint, Plaintiff was aware of this system, and Plaintiff chose not to make use of it prior to filing his complaint in this matter. The record before the Court therefore establishes that there is no dispute of genuine material fact as to whether Plaintiff exhausted his remedies before filing his current complaint – he did not. His complaint must therefore be dismissed for lack of exhaustion.[2]

### III. CONCLUSION

For the reasons stated above, this Court grants Defendants' motion for summary judgment (ECF Nos. 28-30) and will dismiss Plaintiff's complaint for failure to exhaust his administrative remedies. An appropriate order follows.

Dated: May 1, 2018  *s/Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge

---

[2] In their summary judgment motion, Defendants also argue that they are entitled to qualified immunity and that any damages Plaintiff may receive should be limited to the two years before the filing of the complaint. (*See* Document 1 attached to ECF No. 28). Because this Court will dismiss Plaintiff's complaint for lack of exhaustion, this Court need not, and does not, reach those claims.